IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, an Illinois company,<br><br>           Plaintiff,<br><br>    vs.<br><br>ALEX M. RODRIGUEZ,<br><br>           Defendant. | Civ. No. 19-00567 JMS-KJM<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, ECF NO. 19 |

### ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, ECF NO. 19

### I. INTRODUCTION

Plaintiff State Farm Fire and Casualty Company ("Plaintiff" or "State Farm") moves for summary judgment, seeking a declaration that it owes no duty to defend or to indemnify its insured, Defendant Alex Rodriguez ("Defendant" or "Rodriguez"), against an underlying state court action, *Mello v. Rodriguez*, No. 19-1-11136-07 JHA (Haw. 1st Cir. Ct.), ECF No. 20-2 ("the underlying action"). Deciding the matter under Local Rule 7.1(c) without an oral hearing, the court GRANTS the Motion.

State Farm's homeowners policy does not provide coverage because the underlying action is not an "occurrence" as there was neither an "accident" nor

"bodily injury" under the policy's definitions. The policy also excludes coverage for bodily injury that was "expected or intended by the insured" or "the result of willful and malicious acts of the insured," and both of those exclusions apply.

Likewise, the umbrella policy excludes bodily injury that is "expected or intended by the insured" and personal injury "when the insured acts with specific intent to cause harm." Because those exclusions apply, the umbrella policy does not provide a duty to defend even if there were a potential for a "loss" ("personal injury" as an "invasion of a person's right of private occupancy"). Nor does State Farm have any duty to pay attorneys' fees under the umbrella policy. Finally, neither policy covers punitive damages.

Because the parties are familiar with the factual background and relevant principles of Hawaii insurance law,[1] the court sets forth only the background and legal standards necessary to explain its ruling.

///

///

///

---

[1] Substantive Hawaii law applies in this declaratory relief action, which is based upon diversity of citizenship. *See, e.g.*, *State Farm Fire & Cas. Co. v. RK Wooten*, 2014 WL 5149201, at *3 (D. Haw. Oct. 14, 2014) ("As to the merits of State Farm's claim, federal jurisdiction in this action is proper under 28 U.S.C. § 1332 based upon diversity of citizenship, and as result, Hawaii substantive law applies in determining whether State Farm has a duty to defend and indemnify [an insured].") (citations omitted).

## II. BACKGROUND

### A. The Underlying Action

Byron and Rita Mello ("the Mellos") brought the underlying action, alleging that Rodriguez (who lived next door to the Mellos) secretly installed a hidden miniature surveillance camera in their bathroom. ECF No. 20-2 at PageID ## 117-18. According to the underlying action's First Amended Complaint, Rodriguez "was never invited or allowed to enter [the Mellos'] home by [the Mellos] or their family members." *Id.* at PageID # 117. "The discovery of the hidden camera shocked and outraged [the Mellos] and their girls, realizing that someone had snuck into their home and placed a hidden camera in their upstairs bathroom . . . which the girls use every day." *Id.* at PageID # 117-18. A SIM card from the camera "reveal[ed] several pictures showing [the Mellos'] upstairs bathroom and a few pictures of [Rodriguez] who appeared to be adjusting the camera as he was installing the camera in [the Mellos'] upstairs bathroom." *Id.* at PageID # 118.

The underlying action alleges that Honolulu police arrested Rodriguez, and he was "charged and/or indicted" in the Circuit Court of the First Circuit, State of Hawaii. *Id.* Rodriguez "subsequently pleaded no contest to the

criminal charges" and was "awaiting sentencing on September 11, 2019." *Id.*[2] State Farm's Complaint alleges that Rodriguez was "prosecuted and pled Nolo Contendere on one count of Burglary in the First Degree (class B felony) and one count of Violation of Privacy in the First Degree (class C felony)," ECF No. 1 at PageID # 4, and Rodriguez admitted those allegations in his Answer. *See* ECF No. 10 at PageID # 28.[3] Under Hawaii law,

> [a] person commits the offense of burglary in the first degree if the person intentionally enters or remains unlawfully in a building, with intent to commit therein a crime against a person or against property rights, and . . . (c) The person recklessly disregards a risk that the building is the dwelling of another, and the building is such a dwelling.

Haw. Rev. Stat. ("HRS") § 708-810(1). And,

> [a] person commits the offense of violation of privacy in the first degree if, except in the execution of a public duty or as authorized by law: (a) The person intentionally or knowingly installs or uses, or both, in any private

---

[2] At a January 7, 2021 status conference, Rodriguez' counsel informed the court that Rodriguez is "currently in custody and won't be released until March [2021]." ECF No. 26.

[3] *See also State v. Rodriguez*, No. 1CPC-19-0000138 (Haw. 1st Cir. Ct. Sept. 13, 2019) (Amended Judgment of Conviction stating "Defendant is Convicted and Found Guilty of Ct. 1: Burglary in the First Degree – HRS 708-810(1)(c) [and] Ct. 2: Violation of Privacy in the First Degreee – HRS 711-1110.9"), *available at* eCourt Kokua, https://jimspss1.courts.state.hi.us/JIMSExternal/Subscriptions/CaseSearch.iface (last visited Feb. 4, 2021). The court takes judicial notice of this state court proceeding. *See, e.g.*, *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (reiterating that a court "may take [judicial] notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue") (citation omitted).

>place, without consent of the person or persons entitled to privacy therein, any device for observing, recording, amplifying, or broadcasting another person in a stage of undress or sexual activity in that place[.]

HRS § 711-1110.9.

The underlying Complaint makes five claims against Rodriguez: Count One (negligence), Count Two (gross negligence), Count Three (invasion of privacy), Count Four (intentional infliction of emotional distress), and Count Five (negligent infliction of emotional distress). It seeks special, general, and punitive damages, as well as attorneys' fees and costs, from Rodriguez. ECF No. 20-2 at PageID # 119-22.

Rodriguez is a named insured under a State Farm homeowners policy and a personal liability umbrella policy ("PLUP" or "umbrella policy"), and on that basis he tendered defense of the underlying action to State Farm. ECF No. 1 at PageID # 10. State Farm then filed this Complaint for Declaratory Judgment under 28 U.S.C. § 2201, based upon diversity of citizenship. *Id.* at PageID # 2.

## B. The Homeowners Policy

State Farm's homeowners policy provides personal liability coverage "if a claim is made or a suit is brought against an **insured** for damages because of **bodily injury** or **property damage** to which this coverage applies, caused by an **occurrence**[.]" ECF No. 20-4 at PageID # 153. In relevant part, the homeowners

5

policy defines "occurrence" as "an accident . . . which results in . . . **bodily injury**[.]" *Id.* at PageID # 140. And "'bodily injury' means physical injury, sickness, or disease to a person," but "does *not* include . . . emotional distress, mental anguish . . . or any similar injury unless it arises out of actual physical injury to some person." *Id.* at PageID # 139 (emphasis added). Liability coverage, however, "[does] *not* apply to . . . **bodily injury** . . . (1) which is either expected or intended by the **insured**; or (2) which is the result of willful and malicious acts of the **insured**." *Id.* at PageID # 154 (italics emphasis added).

### C.     The PLUP

The PLUP provides personal liability coverage for damages "if a claim is made or suit is brought against an **insured** for damages because of a **loss** for which the insured is legally liable and to which this policy applies[.]" ECF No. 20-5 at PageID # 187.[4] It also provides a "defense to the **insured** . . . when the basis for the suit is a **loss** that is not covered by any other insurance policy but is

---

[4] The PLUP will pay "damages that exceed the **retained limit**," up to the coverage limits of liability. ECF No. 20-5 at PageID # 187. In turn, the "retained limit" is the "required underlying insurance," *id.* at PageID ## 184-86, which in this instance is $100,000, *id.* at PageID # 179. Essentially, the PLUP covers amounts beyond any underlying insurance, and if coverage is excluded from the underlying homeowners policy, the insured is required to pay that amount before the umbrella coverage could even apply. *See id.* at PageID # 186 ("The insured is required to pay . . . the Minimum Underlying Limits . . . if [coverage under the required underlying insurance is excluded].").

covered by this policy." *Id.*[5]  In turn, the PLUP defines a "loss" as "an accident . . . which first results in **bodily injury** . . . *or* . . . the commission of an offense which first results in **personal injury** during the policy period."  *Id.* at PageID # 183 (italics emphasis added).

In relevant part, the PLUP defines "bodily injury" the same as the homeowners policy, "mean[ing] physical injury, sickness or disease to a person" but it "does *not* include . . . emotional distress, mental anguish . . . or any similar injury unless it arises out of actual physical injury to some person."  *Id.* at PageID # 182-83 (emphasis added).  "Personal injury" includes "invasion of a person's right of private occupancy by physically entering into that person's personal residence."  *Id.* at PageID # 184.  And, like the homeowners policy, the PLUP *excludes* coverage for "bodily injury" which is "either expected or intended by the **insured**" or "the result of any willful and malicious act of the **insured**."  *Id.* at PageID # 190.  It also excludes coverage for "**personal injury** when the **insured** acts with specific intent to cause any harm."  *Id.*

---

[5] The PLUP also covers, among other "additional coverages," "costs taxed against an insured in a suit we defend [but] [c]osts do not include attorney fees."  ECF No. 20-5 at PageID # 187.

### III. DISCUSSION

State Farm has met its burden at this summary judgment stage to demonstrate that there is no dispute of material fact that it owes no duty to defend or indemnify Rodriguez under either the homeowners policy or the umbrella policy. *See, e.g.*, *Dairy Rd. Partners v. Island Ins. Co.*, 92 Haw. 398, 412, 992 P.2d 93, 107 (2000) (reiterating duty to defend and indemnify principles of Hawaii insurance law); *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (describing summary judgment standards under Federal Rule of Civil Procedure 56). Although an insurer has a duty to defend that arises whenever a mere potential for indemnification exists, *see Dairy Rd. Partners*, 92 Haw. at 412, 992 P.2d at 107, State Farm has identified several independent grounds—based on undisputed facts—for a declaration from this court that State Farm owes no coverage duties.[6]

### A. No Coverage Under the Homeowners Policy

For several reasons, State Farm owes no coverage duties under the homeowners policy. First, there is no "occurrence" under the policy because the

---

[6] Under either policy, Rodriguez does not dispute that State Farm owes no duty to cover punitive damages. *See* HRS § 431:10-240 ("Coverage under any policy of insurance issued in this State shall not be construed to provide coverage for punitive or exemplary damages unless specifically included."). Neither policy specifically includes coverage for punitive or exemplary damages.

underlying action alleges no "accident" within the meaning of the policy. In this regard, "[t]he question of what is an 'accident' must be determined by addressing the question from the view point of the insured." *Hawaiian Holiday Macadamia Nut Co. v. Indus. Indem. Co.*, 76 Haw. 166, 170, 872 P.2d 230, 234 (1994). And it is well-settled under Hawaii law that "an occurrence 'cannot be the expected or reasonably foreseeable result of the insured's own intentional acts or omissions.'" *Burlington Ins. Co. v. Oceanic Design & Constr., Inc.*, 383 F.3d 940, 948 (9th Cir. 2004) (citing *Hawaiian Holiday Macadamia Nut*, 76 Haw. at 170, 872 P.2d at 234).

Here, applying the "complaint allegation rule," *id.* at 944, the facts alleged in the underlying Complaint describe entirely intentional acts by Rodriguez in placing a hidden camera without permission in the Mellos' bathroom. ECF No. 20-2 at PageID # 117-18. No facts indicate anything "accidental" about what Rodriguez is alleged to have done. According to the underlying Complaint, he "unlawfully entered" the Mellos' home, he "unlawfully installed a tiny video camera . . . to record images of [the Mellos] and/or their daughters," and "knowingly breached [the Mellos'] right of privacy." *Id.* at PageID # 120. He was convicted—albeit by a no contest plea—of felonies of first degree burglary and

9

violation of privacy.[7] And the harm alleged in the underlying Complaint was certainly "a reasonably foreseeable result" of those actions from the insured's perspective. No evidence indicates otherwise.[8]

Second, the underlying action does not allege any "bodily injury" as defined in the homeowners policy. Under the policy, "bodily injury" "does *not* include . . . emotional distress, mental anguish . . . or any similar injury unless it arises out of actual physical injury to some person." ECF No. 20-4 at PageID

---

[7] Both of those crimes require intentional or knowing acts. The court recognizes that "[t]he principal difference between a plea of guilty and a plea of *nolo contendere* is that the latter may not be used against the defendant in a civil action based upon the same acts," *State v. Gomes*, 79 Haw. 32, 33 n.3, 897 P.2d 959, 960 n.3 (1995), and thus the court does not consider the convictions as conclusive proof that Rodriguez acted with intent. It appears unclear under Hawaii law whether—even if a no contest plea in a criminal context cannot be used as conclusive evidence of underlying facts—it might still be used for purposes of determining insurance coverage issues. *See, e.g.*, *Northfield Ins. Co. v. Derma Clinic Inc.*, 440 F.3d 86, 92 (2d Cir. 2006) ("[*Allstate Insurance Co. v. Simansky*, 738 A.2d 231, 234 (Conn. Super. Ct. 1998)] allows *nolo contendere* pleas to serve as evidence of the commission of a crime in civil matters that involve 'the enforcement of a contractual provision in an insurance policy.'") (quoting *Simansky*). The court need not, however, rely on Rodriguez' conviction to grant State Farm's motion—the allegations of the underlying Complaint themselves allege wholly intentional (and criminal) acts, and there is no evidence or other indication in the record to the contrary.

[8] Although the underlying Complaint alleges causes of action entitled "negligence" and "negligent infliction of emotional distress," those labels do not trigger coverage without any *facts* indicating negligent acts. *See, e.g.*, *Allstate Ins. Co. v. Miller*, 732 F. Supp. 2d 1128, 1134 (D. Haw. 2010) ("In determining whether coverage exists under a liability policy, Hawaii courts do not look at the way a litigant states a claim, but rather at the underlying facts alleged in the pleadings.") (citing *Bayudan v. Tradewind Ins. Co.*, 87 Haw. 379, 387, 957 P.2d 1061, 1069 (Haw. App. 1998) (other citation omitted)); *see also Dairy Rd. Partners*, 92 Haw. at 417, 992 P.2d at 112 ("[W]hen the *facts* alleged in the underlying Complaint unambiguously exclude the possibility of coverage, conclusory assertions contained in the complaint regarding the legal significance of those facts (such as that the facts as alleged demonstrate 'negligent' rather than 'intentional' conduct) are insufficient to trigger the insurer's duty to defend.").

10

# 139 (emphasis added). There is no physical injury to a person alleged in the underlying Complaint, nor evidence of such injury in the record. Rather, the underlying Complaint alleges that "[a]s a direct and proximate result of [Rodriguez'] outrageous conduct, [the Mellos] sustained serious and extreme emotional distress and mental anguish, loss of privacy, loss of quality of life, loss of enjoyment of life, and other related damages." ECF No. 20-2 at PageID # 119.

And third, even if the underlying action could be construed to allege the potential for "bodily injury," the policy would still exclude such injury as "either expected or intended by the insured" or "the result of willful and malicious acts of the insured." ECF No. 20-4 at PageID # 154. In this context, "[i]ntent means 'volitional performance of an act with an intent to cause injury, although not necessarily the precise injury or severity of damage that in fact occurs.'" *Weight v. USAA Cas. Ins. Co.*, 782 F. Supp. 2d 1114, 1128 (D. Haw. 2011) (quoting *Tri-S Corp. v. W. World Ins. Co.*, 110 Haw. 473, 494 n.8, 135 P.3d 82, 103 n.8 (2006)). Likewise,

> "[e]xpected" injury means injury that occurred when the insured acted even though he was consciously aware that harm was practically certain to occur from his actions. However, the definition of "expected" does not exclude harm that the insured "should have anticipated[.]" Consciousness of the likelihood of certain results occurring is determined by examination of the subjective mental state of the insured.

11

*Tri-S Corp.*, 110 Haw. at 494 n.8, 135 P.3d at 103 n.8 (quoting *Sans v. Monticello Ins. Co.*, 676 N.E.2d 1099, 1102 (Ind. Ct. App. 1997) (emphasis omitted)).[9]

Again, according to the underlying Complaint, Rodriguez "unlawfully entered [the Mellos'] home and unlawfully installed a tiny video camera in [the Mellos'] home to record images of [the Mellos] and/or their daughters, without [the Mellos'] consent," and "knowingly breached [the Mellos'] right of privacy." ECF No. 20-2 at PageID # 120. The resulting injury to the Mellos—under either a subjective or objective standard—would have been "expected or intended." Harm would have been "practically certain to occur from his actions." *Tri-S Corp.*, 110 Haw. at 494 n.8, 135 P.3d at 103 n.8. And harm would have been the foreseeable result of willful and malicious acts. No evidence in the record suggests otherwise. In short, either (or both) exclusions apply.

---

[9] In this context, "[i]n examining whether injury is 'expected,' some question remains whether the answer is determined subjectively or objectively, *i.e.*, whether the alleged tortfeasor subjectively expected harm to occur to a victim, or, objectively, whether the tortfeasor would reasonably have expected harm to occur." *AIG Prop. & Cas. Co. v. Anenberg*, 2020 WL 4607839, at *7 n.3 (D. Haw. Aug. 11, 2020). *Tri-S Corp.* analyzed "an exclusion for damage that read 'expected or intended *from the standpoint of the insured*,' suggesting a subjective standard." *Id.* (citation omitted). Here, State Farm's exclusion is less specific, simply excluding "bodily injury or property damage . . . which is either expected or intended by the insured." ECF No. 20-4 at PageID # 154. But the court need not resolve whether the standard is subjective or objective because the exclusion would apply under either formulation.

**B.      No Coverage Under the PLUP**

State Farm owes no coverage duties under the PLUP for similar reasons that it owes no duties under the homeowners policy. For the PLUP to apply, there must be a "loss" as defined in the policy. As set forth earlier, a "loss" under the PLUP is "an accident . . . which first results in **bodily injury** . . . *or* . . . the commission of an offense which first results in **personal injury** during the policy period." ECF No. 20-5 at PageID # 183 (italics emphasis added). And as analyzed under the homeowners policy, there is no "accident" because Rodriguez' acts were entirely intentional or knowing. Likewise, there is no "bodily injury" because there is no "physical injury" and, even if so, the injury would be *excluded* under either (or both) the "expected or intended by the insured" or "willful and malicious act of the insured" exclusions.

Rodriguez argues, however, that a duty to defend is owed under the second "loss" prong—*i.e.*, "the commission of an offense which first results in **personal injury** during the policy period." *Id.* He points out that the PLUP defines "personal injury" as, among other offenses, "invasion of a person's right of private occupancy by physically entering into that person's personal residence." *Id.* at PageID # 184. He contends that the underlying action alleges, at least in

13

part, that he entered the Mellos' personal residence and invaded their right of private occupancy.  ECF No. 29 at PageID # 219-21.

But even assuming there were a potential that Rodriguez could be found liable for "invasion of a right of private occupancy," such injury would plainly fit within the PLUP's exclusion for "**personal injury** when the **insured** acts with specific intent to cause *any* harm."  ECF No. 20-5 at PageID # 190 (italics emphasis added).  Again, as alleged in the underlying Complaint, Rodriguez was convicted of felonies requiring intentional or knowing conduct.  Under the underlying Complaint's factual allegations, he clearly acted with a specific intent to cause harm.  Once more, Rodriguez allegedly "unlawfully entered [the Mellos'] home and unlawfully installed a tiny video camera in [the Mellos'] home to record images of [the Mellos] and/or their daughters, without [the Mellos'] consent," and "knowingly breached [the Mellos'] right of privacy."  ECF No. 20-2 at PageID # 120.  Those allegations fit squarely within the "specific intent to cause any harm" exclusion.  Again, there is no contrary evidence to create a genuine issue of material fact.  There is no coverage for "personal injury" under the PLUP.[10]

---

[10] Because the PLUP does not provide coverage, the court need not reach whether it could apply if Rodriguez satisfied the $100,000 "required underlying insurance" condition.

Finally, State Farm is entitled to a declaration that—even if it might owe some duty to indemnify Rodriguez for "costs taxed against an insured" as an "additional coverage" under the PLUP—such "costs taxed" would not include attorney fees.  This is a plain reading of the "costs taxed" provision in the PLUP, which states that "[c]osts do not include attorney fees."  ECF No. 20-5 at PageID # 187.  Such a reading is not disputed by Rodriguez.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff State Farm Fire and Casualty Company's Motion for Summary Judgment, ECF No. 19, is GRANTED.  State Farm owes Rodriguez no coverage duties as to the underlying action.  The Clerk of Court shall close the case file.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 5, 2021.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*State Farm Fire & Cas. Co. v. Rodriguez*, Civ. No. 19-00567 JMS-KJM, Order Granting Plaintiff's Motion for Summary Judgment, ECF No. 19